UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


THEOSHAMOND NORMAN  (#407759)

VERSUS                                              CIVIL ACTION

DEPARTMENT OF PUBLIC SAFETY                         NUMBER 08-449-JVP-DLD
AND CORRECTIONS, ET AL

<u>**NOTICE**</u>

 Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

 In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

 ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 4, 2009.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THEOSHAMOND NORMAN  (#407759)

VERSUS                                              CIVIL ACTION

DEPARTMENT OF PUBLIC SAFETY                         NUMBER 08-449-JVP-DLD
AND CORRECTIONS, ET AL

<u>MAGISTRATE JUDGE'S REPORT</u>

Before the court is the defendants' Motion to Dismiss Pursuant to Fed.R.Civ.P. Rule 12(b)(6).  Record document number 15.

Pro se plaintiff, an inmate confined at Hunt Correctional Institute ("HCC"), St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the Louisiana Department of Public Safety and Corrections, Lt. Col. Clyde Spain, Cadet R. Guillory and unidentified John Doe defendants.  Plaintiff supplemented and amended his complaint to name Lt. Eugene Fergeson as an additional defendant.[1]  Plaintiff alleged that the defendants failed to protect him from attack by another inmate in violation of his constitutional rights.

Defendants Louisiana Department of Public Safety and Corrections and Lt. Col. Spain moved to dismiss the complaint for failure to state a claim upon which relief can be granted under to Rule 12(b)(6), Fed.R. Civ. P.

---

[1]  Defendants R. Guillory and the unidentified John Doe defendants were not served with the summons and complaint and did not participate in the motion to dismiss. Summons was returned unexecuted as to them on October 21, 2008.  Record document number 12.  After the defendants filed their motion to dismiss, the plaintiff amended the complaint to add Lt. Eugene Fergeson as a defendant and to identify Robert Guillory as the previously unserved R. Guillory identified in the original complaint.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other  Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

Under Rule 8(a)(2), Fed.R.Civ.P., a complaint must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, —, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the ground upon which it rests." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007).[2]

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson*, 127 S.Ct. at 2200; *see also Twombly*, 127 S.Ct. at 1965.  "A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 127 S.Ct. at 2200 (citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts

---

[2] *Twombly* held that in some cases a plaintiff must plead particular facts in his complaint. 127 S.Ct. at 1965.  In *Erickson*, decided two weeks after *Twombly*, the Supreme Court clarified *Twombly* by holding that a prisoner bringing a § 1983 claim against prison officials is not required to state specific facts in his complaint; *Erickson*, 127 S.Ct. at 2200, and *Twombly* itself, 127 S.Ct. at 1973 n.6., suggests that the  holding in *Twombly* may be limited to cases likely to produce "sprawling, costly, and hugely time-consuming" litigation.  This  case involves a § 1983 claim with a narrow range of factual disputes, not a complex suit likely to produce sprawling discovery. Accordingly, this case is governed by the Supreme Court's decision in *Erickson.*

to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (quotation marks, citations, and footnote omitted).

Plaintiff named the Louisiana Department of Public Safety and Corrections as a defendant.

Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits seeking monetary damages brought in federal courts by her own citizens as well as citizens of another state. *Edelman v. Jordan*, 415 U.S. 659, 94 S.Ct. 1347 (1974). Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for deprivation of civil rights under color of state law. *See, Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666 (1976); *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139 (1979); *Edelman v. Jordan, supra.* Thus, absent consent by the state or congressional action, a state is immune from a suit for damages. Louisiana has not waived her sovereign immunity under the Eleventh Amendment, and is immune from suit in this action. The shield of immunity extends to the Louisiana Department of Public Safety and Corrections as an agency of the state and to the institutions it maintains. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312 (5th Cir. 1999); *Anderson v. Phelps*, 655 F.Supp. 560 (M.D. La. 1985).

Plaintiff alleged that on February 1, 2008, Cadet Guillory placed a maximum security prisoner in the shower cell. Plaintiff alleged that when the prisoner returned to his cell, Cadet Guillory accidentally opened the plaintiff's cell door and the inmate entered his cell and assaulted him. Plaintiff alleged that Lt. Col. Spain and Lt. Fergeson came to his cell

3

and ordered the two inmates to cease fighting but took no reasonable action to assist him during the assault. Plaintiff alleged that his attacker failed to comply with the verbal orders until another officer arrived on the scene.  Plaintiff alleged that after he was restrained, Lt. Fergeson sprayed him with mace without provocation.

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994).  The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id.*

Plaintiff's allegations against Lt. Col. Spain are sufficient to state a claim upon which relief can be granted.

<u>RECOMMENDATION</u>

It is the recommendation of the magistrate judge that the defendants' motion to dismiss be granted in part, dismissing the plaintiff's claims against the Louisiana Department of Public Safety and Corrections.  In all other respects, the defendants' motion to dismiss should be denied and this matter be referred back to the magistrate judge for further proceedings.

Signed in Baton Rouge, Louisiana, on March 4, 2009.

**MAGISTRATE JUDGE DOCIA L. DALBY**

4